ELIZABETH KEARNEY, Respondent, v. ST. NICHOLAS ICE RINK, INC., Appellant.— Judgment and order reversed on the ground that the damages are excessive, and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulate to reduce the recovery of damages to the sum of $2,000; in which event the judgment, as modified, and the order are unanimously affirmed, without costs. Jenks, P. J., Stapleton, Rich, Putnam and Blackmar, JJ., concurred.

CORNELIA D. KELLY, Formerly CORNELIA D. SMITH, as Executrix, etc., Appellant, v. FRED W. HINRICHS, Respondent.— Judgment of the County Court of Kings county reversed and new trial ordered, costs to abide the event, upon the ground that Mrs. Parks was presumptively the agent of her husband to deliver the property to Bedell, and, therefore, there is no presumption of conversion by her, and the Statute of Limitations was not a bar to this action. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.

THE KENTUCKY DERBY COMPANY, Appellant, v. ARTHUR WOODS, Individually and as Police Commissioner of the City of New York and Others, Respondents.— Judgment affirmed, with costs, solely on the authority of *Delaney* v. *Flood* (183 N. Y. 323); but as we think that the plaintiff's game was not a lottery, we reverse the 34th, 35th and 36th findings of fact and the 1st and 2d conclusions of law. Jenks, P. J., Stapleton, Rich, Putnam and Blackmar, JJ., concurred.

MAX KESSLER, Respondent, v. THE F. T. B., INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Stapleton, Putnam and Blackmar, JJ.

IRENE KLEIN, an Infant, by ALEXANDER KLEIN, Her Guardian ad Litem, Respondent, v. MANHATTAN STEAM BAKERY, INC., and HERMAN HUEG, Appellants.— By the charge the test of liability is the employment and control of the chauffeur. If that be the only test, neither defendant is liable, for neither hired or controlled him. It may be, however, that one or both of the defendants were interested in the enterprise. Just what the relation of the defendants was to August Hueg does not appear. In any case, the charge is limited as above stated. Judgment and order reversed and new trial granted, costs to abide the event. Jenks, P. J., Thomas, Stapleton, Mills and Rich, JJ., concurred.